**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| IN RE: <br><br> T. GAY INVESTMENTS, LLC, D/B/A VOLVO RENTS - COLUMBUS and VOLVO RENTS - AMERICUS, <br><br> Debtor. | CHAPTER 11 <br><br> CASE NO. 09-40690-jtl |

## MOTION FOR ORDER APPROVING SALE OF ASSET
## PURSUANT TO 11 U.S.C. § 363 *NUNC PRO TUNC*

**COMES NOW** T. GAY INVESTMENTS, LLC, D/B/A VOLVO RENTS - COLUMBUS and VOLVO RENTS - AMERICUS, debtor and debtor-in-possession, ("Debtor"), and files this Motion for Order Approving Sale of Asset Pursuant to 11 U.S.C. § 363 *Nunc Pro Tunc*, showing the Court the following:

### JURISDICTION & VENUE

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

1.

Debtor filed a voluntary petition for relief under chapter 11 of the U.S. Bankruptcy Code on June 5, 2009 (the "Petition Date") in this Court. Debtor is operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

502030

2.

Debtor is a Georgia limited liability company with its principal place of business located at 6247 W. Hamilton Park Drive, Columbus, GA 31909. Debtor also operates one other location located at 907 N. Martin Luther King Jr. Blvd., Americus, GA 31719.

3.

Debtor owns and operates a business which provides heavy equipment rentals and sells related products, including but not limited to erosion control products, to businesses and consumers throughout southwest Georgia (the "Business").

**Sale of Asset**

4.

Pre-petition, Debtor assisted an employee in financing the purchase of a 2004 Ford F-150, VIN 1FTPW12544KD71412 (the "Vehicle"). The Vehicle purchase was financed by First State Bank ("First State"). The Certificate of Title for the Vehicle named Debtor as owner. However, the Vehicle was equitably owned by Debtor's employee, who made the monthly payments related to the Vehicle and had exclusive use of the Vehicle. However, Debtor did list the Vehicle as one of its assets on Schedule B, due to the fact that the Vehicle was titled in Debtor's name.

5.

As of the Petition Date, the outstanding debt owed to First State was $11,115.21.

6.

Subsequent to the Petition Date, Debtor's employee determined that he could no longer afford to make payments on the Vehicle. Debtor's employee located a third party to purchase the Vehicle in an arms length transaction for the fair market value of the

Vehicle. The sale was a private sale, therefore, no broker or other agent was involved in the sale. The sales price, $10,500.00, was not more than the debt owed to First State. Therefore, Debtor's employee paid the amount owed to First State, above and beyond the sales price. As a result, First State's debt has been paid in full.

7.

Debtor acquiesced to the sale, believing that the equitable owner of the Vehicle was its employee. Therefore, Debtor believed that court approval was not necessary. This Motion was filed out of an abundance of caution, after Debtor became aware that court approval may be necessary due to the fact that the Vehicle was titled in its name.

8.

Debtor now seeks approval of the sale of the Vehicle, *nunc pro tunc*.

9.

Debtor believes that the sale of the Vehicle was reasonable and proper, due to the equitable ownership interest held by Debtor's employee and the reasonableness of the terms of the sale to a third party in an arms length transaction. Therefore, cause exists for approval of the sale of the Vehicle, *nunc pro tunc*.

### Argument & Citation of Authority

In order to gain approval of the sale of the Vehicle, *nunc pro tunc*, Debtor must prove that the Motion would have been approved, if a timely motion had be filed, and that the delay in seeking approval was due to extraordinary circumstances. *See generally In re Keren Ltd. Partnership*, 189 F.3d 86 (2d Cir. 1999).

Had a timely motion been filed, Debtor believes that the sale would have been approved. Pursuant to 11 U.S.C. § 363(f), a debtor-in-possession may "sell property

under subsection (b)..of this section free and clear of any interest in such property of an entity other than the estate, only if...(2) such entity consents; or...(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f)(West 2008).

Debtor believes that the sale would have been approved in advance because the sale comported with 11 U.S.C. § 363(f)(2), in that First State, which asserts a valid interest in the Vehicle, would have consented and/or would not have objected to the transaction, due to the fact that First State's claim was satisfied in full. To the extent First State would not have consented to the sale, Debtor believes that First State would have been compelled to accept a money satisfaction of such interest in accordance with 11 U.S.C. § 363(f)(5).

Further, extraordinary circumstances exist in this matter related to the sale of the Vehicle. The Vehicle was equitably owned by Debtor's employee, not Debtor. Therefore, Debtor reasonably believed that court approval was not necessary for the sale to proceed. However, as soon as Debtor became aware that court approval may be necessary, it informed its counsel. Debtor's counsel has worked diligently to file the Motion as soon as practical.

Additionally, pursuant to 11 U.S.C. § 105(a), the Court is authorized to "issue any order, process or judgment that is necessary and appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a)(West 2008). The purpose of § 105(a) is to ensure that a bankruptcy court has the power to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction." 2 Lawrence P. King, et al., *Collier on*

*Bankruptcy*, ¶ 105.01[1], p. 105-6 (15th Ed. Rev. 2008). Therefore, this Court may exercise its equitable powers to grant the relief requested in the Motion.

**WHEREFORE**, Debtor respectfully requests that the Court enter an order:

(a) approving the sale of the Vehicle, *nunc pro tunc*;

(b) finding that this Motion has been served on the Internal Revenue Service, the Office of the United States Trustee, Volvo Financial Services ("VFS"), counsel for VFS, Volvo Construction Equipment Rents, Inc. ("Volvo Rents"), counsel for Volvo Rents, counsel for Capital City Bank, counsel for First State Bank, the twenty (20) largest unsecured creditors, and other parties entering a notice of appearance in this case, and that in light of the relief requested, Debtor submits that no further notice is necessary; and

(c) granting such other relief and further relief as may be just and proper.

This 14th day of August, 2009.

By: /s/ Anna M. Humnicky
Gus H. Small
Georgia Bar. No. 653200
Anna M. Humnicky
Georgia Bar No. 377850
Fife Morris Whiteside
Georgia Bar No. 756025

**COHEN POLLOCK MERLIN & SMALL, P.C.**
3350 Riverwood Parkway, Suite 1600
Atlanta, GA 30339
(770) 858-1288; Fax: (770) 858-1277
gsmall@cpmas.com
ahumnicky@cpmas.com

**FIFE WHITESIDE, P.C.**
1124 Lockwood Ave.
Columbus, GA 31906
(706) 320-1215; Fax: (706) 320-1217
whitesidef@mindspring.com

**Co-Counsel to Debtor**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| T. GAY INVESTMENTS, LLC, D/B/A VOLVO RENTS - COLUMBUS and VOLVO RENTS - AMERICUS, | CASE NO. 09-40690-jtl |
| Debtor. | |

## CERTIFICATE OF SERVICE

I, Anna M. Humnicky, certify that I am over the age of 18 and that on this date, I served copies of the Motion for Order Approving Sale of Asset Pursuant to 11 U.S.C. § 363 *Nunc Pro Tunc* and Notice of Hearing, regarding same, via First Class U.S. Mail with adequate postage prepaid on the persons or entities at the addresses as indicated in Exhibit A.

Dated: August 14, 2009.

                                      COHEN POLLOCK MERLIN & SMALL, P.C.

                                      By:    /s/ Anna M. Humnicky
                                              Anna M. Humnicky
                                              Georgia Bar No. 377850

3350 Riverwood Parkway
Suite 1600
Atlanta, GA 30339
(770) 858-1288
Fax: (770) 858-1277
ahumnicky@cpmas.com

502030

# **EXHIBIT A**

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Rob Fenimore, Esq.
Office of the United States Trustee
440 Martin Luther King, Jr. Blvd.
Suite 302
Macon, GA 31201-7987

John H. Rowland, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
Commerce Center, Suite 1000
211 Commerce Street
Nashville, TN 37201

John A. Thomson, Jr., Esq.
Womble Carlyle Sandridge & Rice, PLLC
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017

Volvo Financial Services
Attn: Mike Woody
7025 Albert Pick Road
Suite 105
Greensboro, NC 27409

Volvo Construction Equipments Rents, Inc.
Attn: Evan Brumm
220 Continuum Drive
Fletcher, NC 28732

Marshall Martin, Esq.
Jimmy Charles Luke, II, Esq.
Jonathan Hawkins, Esq.
Foltz Martin, LLC
5 Piedmont Center
Suite 750
Atlanta, GA 30305

Capital City Bank
c/o Thomas C. James, III, Esq.
Walter E. Jones, Esq.
James, Bates, Pope & Spivey, LLP
231 Riverside Drive
P. O. Box 4283
Macon, GA 31208-4283

H. Owen Lee, Esq.
Lee, Goodrum and McAllister, PC
P.O. Box 1676
Columbus, GA 31902

R. Michael Thompson, Esq.
Thompson, O'Brien, Kemp & Nasuti, P
40 Technology Parkway South
Suite 300
Norcross, GA 30092

John K. Rezac, Esq.
Taylor, English, Duma LLP
Suite 400
1600 Parkwood Circle
Atlanta, GA 30229

ARA Insurance Services
102 NW Parkway
Kansas City, MO 64150

American Excelsior Company
400 Loyola Drive
Atlanta, GA 30336

Danfair Oil Co., Inc.
712 Adderton Street
Americus, GA 31719

502030

City of Americus, Taxes
101 West Lamar Street
Americus, GA 31709

Flint Equipment Co.
P.O. Box 3329
Albany, GA 31706

Human Resources Specialists, Inc.
2410 Westgate Drive, Ste 104
Albany, GA 31707

IKEX, LLC
P.O. Box 60984
Charlotte, NC 28260

Pennington Seed Inc.
Georgia Division
P.O. Box 290
Madison, GA 30650

Right Pointe
P.O. Box 467
DeKalb, IL 60115

Southeast Culvert, Inc.
P.O. Box 999
Auburn, GA 30011

Tax Commissioner-Muscogee County
P.O. Box 1441
Columbus, GA 31902-1441

Hon. Michael P. Cielinski
Michael P. Cielinski, P.C.
833 3rd Avenue
PO Box 1882
Columbus, GA 31902-1882

DDD Erosion Control
P.O. Box 694
Ashburn, GA 3171

Georgia Department of Revenue
Bankruptcy Unit
P.O. Box 161108
Atlanta, GA 30321

National Diversified Sales, Inc.
6228 Reliable Parkway
Chicago, IL 60686

Perry Bros. & Company
P.O. Box 469
Americus, GA 31709

Silt Saver, Inc.
1094 Culpepper Drive
Conyers, GA 30094

T & W Oil Company
P.O. Box 6289
Columbus, GA 31917-6289

Tax Commissioner-Sumpter County
P.O. Box 1044
Americus, GA 31709-1044

ACF Environmental
2831 Cardwell Road
Richmond, VA 23234